## WILSON v. QUINN et al.

(Circuit Court of Appeals. Sixth Circuit. May 11, 1920.)

No. 3330.

Patents ☞328—Claims for headlight improvements not infringed.

    The Wilson patent, No. 1,144,676, for a headlight with a shield positioned so as to obstruct those rays which would otherwise strike the lower part of the reflector, *held* not infringed by defendant's headlight, in which the shield is in two parts, one of which obstructs a substantial portion of the direct forward rays from the bulb.

Appeal from the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Suit by Roland F. Wilson against Nelson J. Quinn and another, doing business as the Perrin Manufacturing Company. From a decree dismissing the bill and counterclaim, plaintiff appeals. Affirmed.

E. W. McCallister, of Pittsburgh, Pa., and Walter F. Murray, of Cincinnati, Ohio, for appellant.

George E. Kirk, of Toledo, Ohio, for appellees.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. The appellant, Roland F. Wilson, filed a bill of complaint in the District Court against Nelson J. Quinn and Ethel L. Allen, doing business under the firm name of Perrin Manufacturing Company at Detroit, Mich., for infringement of patent No. 1,144,676, issued June 29, 1915, to Roland F. Wilson.

Nelson J. Quinn filed a separate answer and cross-petition, in which he avers among other things that he is the proprietor of the business conducted under the name of the Perrin Manufacturing Company; that his device was made and sold by the Perrin Manufacturing Company long prior to the grant of the Wilson patent; that this device does not infringe the claims of that patent, but, on the contrary, is manufactured under the Myers patent, No. 1,099,715, issued June 9, 1914, to H. A. Myers, of Toledo, Ohio, of which patent the defendant is the sole owner by mesne assignment from the original patentee; that the Wilson patent is wholly invalid, and that the device manufactured by him is an infringement of the Myers patent; and prays for an injunction and damages.

The District Court found from the evidence that both these patents were valid, but that neither had been infringed by the device of the other party to this suit, and dismissed the bill of complaint and counterclaim. The plaintiff appealed "from the part of said decree which directs the dismissal of the bill of complaint."

Both of these patents relate to improvements in headlights for automobiles and other motor vehicles; the purpose of each improvement being to prevent the blinding effect of reflected rays on pedestrians and drivers of approaching vehicles, by means of a shield so positioned in relation to the light bulb as to prevent the upward reflection of light rays by the lower half of the concave reflector in the headlight. It is claimed that the device as manufactured by the defendant is such a radical departure from the device of the Myers patent that it embodies the invention and infringes claims 5 and 6 of the Wilson patent. Claims 5 and 6 of that patent read as follows:

"5. A headlight comprising in combination with a concave reflector and a lamp therein, of an obstructive shield positioned between the lamp and a portion of the reflector surface of the reflector at one side of a plane passing through the axis of the same, and adapted to obstruct the passage of those rays which would otherwise impinge directly upon the said portion of the said surface, exclusive of the rays which, at the same side of the said plane, pass directly through the open end of the reflector.

"6. A headlight comprising in combination with a concave reflector and a lamp therein, of an obstructive shield positioned between the lamp and a portion of the reflective surface of the reflector below the horizontal plane passing through the axis of the same, and adapted to obstruct the passage of those

rays which would otherwise impinge directly upon the said portion of the said surface, exclusive of the rays which at the same side of the said plane, pass directly through the open end of the reflector."

There is some difference between the device manufactured by Quinn and the shield covered by the Myers patent. The shield described in the Myers patent is of one piece covering the entire lower part, and a little more than half of the front end of the electric bulb. The alleged infringing device, as now constructed by Quinn, consists of two separate parts, a lower shield and a cap shield, fitting over the glass tip at the end of the bulb and connected with the lower shield by coil wire, leaving a space between the cap shield and the lower shield large enough to permit direct rays from the light and reflected rays from the upper half of the large concave reflector to fall upon the road immediately ahead of the vehicle.

There is, however, a substantial difference between this device as now manufactured by Quinn and the device of the Wilson patent. Both shields are alike in that each obstructs the direct downward rays from the electric light bulb from impinging upon the lower part of the large concave reflector. The Wilson shield extends only to the front part of the light bulb, and is connected to the bulb at the base by a coil wire and at the front by another coil wire looped over the glass tip of the bulb, leaving the front part entirely open. In the description of the Wilson patent considerable emphasis is placed upon this port or opening, which permits the unobstructed forward emission of all unreflected rays which pass from the lamp directly through the front lens of the headlight without impinging upon the reflective surface of the same; and each of the claims in suit expressly excludes from the rays obstructed by the shield "the rays which at the same side of the said plane pass directly through the open end of the reflector."

In the device as manufactured by Quinn the cap attachment is not a mere subterfuge to escape infringement; but, on the contrary, it is of such size as to obstruct a substantial portion of the direct forward rays from the electric light bulb, both above and below the median line, and permits the passage only of the rays that fall directly upon the road in front of the vehicle, and except for this slot or opening between the cap shield and the lower shield it is identical with, and functions the same as, the device covered by the Myers patent, which is not here claimed to be an infringement of the Wilson patent.

For the reasons stated, we think defendant's shield as now constructed, and which includes this cap attachment above described, does not infringe the Wilson patent, and that all that portion of the decree of the District Court from which appeal was taken should be affirmed.